**PORT DRUM COMPANY**

v.

**Walter UMPHREY and Kurt B. Chacon.**

**Civ. A. No. B–87–0510–CA.**

United States District Court, E.D. Texas, Beaumont Division.

Jan. 29, 1988.

Judgment affirmed Aug. 16, 1988.

Marian S. Rosen, Houston, Tex., for plaintiff.

Russell Serafin, Galveston, Tex., for defendants.

## MEMORANDUM OPINION AND FINAL ORDER OF DISMISSAL

JOE J. FISHER, District Judge.

This matter came before the Court on a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and for Sanctions pursuant to Fed. R.Civ.P. 11. After careful consideration of the Motion and Brief in Support of the Motion to Dismiss and For Sanctions, the Plaintiff's response thereto and the pleadings, we find that this Court lacks jurisdiction over the subject matter of this case and dismiss accordingly.

## BACKGROUND

The case *sub judice* arises out of a previous lawsuit wherein the Defendants, Walter Umphrey and Kurt B. Chacon, both duly licensed attorneys, represented the Estate of Jimmy Sterling Smith (hereinafter the Estate). The decedent had been an employee of Port Drum Company (hereinafter Port Drum). Mr. Smith's responsibilities included cleaning out used chemical drums. It was exposure to the chemical residue in the drums which lead to Mr. Smith's unfortunate demise and constituted the basis of the lawsuit brought by his estate. In short, the Estate sued the manufacturers of the various chemicals alleging that they were ultimately responsible for Mr. Smith's death. Port Drum was never made a party to the lawsuit.

However, Port Drum alleges that the lawsuit brought by the Estate was completely without merit and consequently should be found frivolous. For purposes of deciding this motion, the Court will treat the Plaintiff's allegations as though true and proceed with the analysis under the assumption that the Estate's case was frivolous.

Consequently, Port Drum alleges, as a result of the actions of Walter Umphrey and Kurt B. Chacon, several of the defendants in the Estate of Jimmy Sterling Smith case have advised Port Drum that they will no longer do business with Port Drum out of concern of being involved in similar lawsuits. This all to the damage of Port Drum.

The Plaintiff's Original Complaint invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201 and Fed.R.Civ.P. 11.

## A. FEDERAL DECLARATORY JUDGMENT ACT

■ It is settled law that 28 U.S.C. § 2201 et seq., commonly known as the Federal Declaratory Judgment Act, does not constitute a grant of jurisdiction to the Courts of the United States. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). In *Skelly*, the Supreme Court held that the Federal Declaratory Judgment Act "enlarged the range of remedies available in the federal courts but did not extend their jurisdiction." Therefore, it is clear that in order to utilize the relief made available in the Federal Declaratory Judgment Act, the Court must necessarily have an independent basis for asserting jurisdiction over the subject matter of a case. *Commercial Metals Co. v. Balfour, Guthrie, & Co.*, 577 F.2d 264 (5th Cir.1978).

Consequently, our analysis now turns to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1331. As will be established more fully herein, Rule 11 does not constitute a grant of jurisdiction, nor does it satisfy the requirements of Federal Question jurisdiction.

## B. RULE 11

■ The Plaintiff's reliance on Fed.R. Civ.P. 11 as a basis for subject matter jurisdiction is misplaced. The language found in Rule 11 sets forth the responsibilities of attorneys with regard to the signing of pleadings, motions and other related papers and the consequences that flow from the failure to honor those responsibilities. Plainly, there is no provision to be found within Rule 11 that might be construed as a grant of jurisdiction.

Moreover, to read such a construction into the rule would violate the clear intent of the Federal Rules of Civil Procedure.

More specifically, Rule 82 states, "[t]hese rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein." Rather, the Federal Rules of Civil Procedure are designed with the purpose of implementing the exercise of jurisdiction which has been conferred by Congress or statute. *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185 (1946); *Edwards v. E.I. DuPont de Nemours & Co.*, 183 F.2d 165 (5th Cir.1950).

## C. FEDERAL QUESTION

The analysis now boils down to whether the Plaintiff's Original Complaint presents a federal question within the meaning of 28 U.S.C. § 1331. Section 1331 reads, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." Inasmuch as the Plaintiff's complaint premises jurisdiction upon Rule 11, the question presented to the Court is whether said complaint "arises under" the laws of the United States.

■ Although the Supreme Court has expended considerable energy and effort in developing an analysis for determining when a complaint presents a federal question, *See generally Osborn v. Bank of United States*, 9 Wheat. 738, 6 L.Ed. 204 (1824); *Louisville & N.R. Co. v. Mottley*, 219 U.S. 467, 31 S.Ct. 265, 55 L.Ed. 297 (1911); *Gully v. First National Bank in Meridan*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936), it is not necessary to engage upon such an exercise for the case *sub judice*. We find that Rule 11 is not a "law" within the meaning of 28 U.S.C. § 1331.

Any construction of Fed.R.Civ.P. 11 must necessarily begin with an eye toward the Rules Enabling Act, 28 U.S.C. § 2072. After delegating to the Supreme Court the authority to regulate practice and procedure, the Rules Enabling Act reads, in pertinent part, "[s]uch rules shall not *abridge,*

*enlarge* or *modify* any substantive right ..." (emphasis added).

Consequently, it is apparent to the Court that in order for Rule 11 to be valid under the Rules Enabling Act it must be of a procedural nature, rather than substantive. "The test must be whether a rule really regulates procedure,—the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them." *Sibbach*, 312 U.S. at p. 14, 61 S.Ct. at p. 426.

Turning to Rule 11, the language therein illustrates the responsibilities and corresponding sanctions that are involved with the signing of pleadings and other papers.[1] Undoubtedly, the rule is intended to insure the veracity of allegations and plausibility of legal arguments to a reasonable degree. Therefore, Rule 11 has the effect of discouraging frivolous litigation while still providing a judicial process for implementing substantive rights. The Fifth Circuit recognizes the principle that although a rule may have a substantive effect, such as discouraging frivolous litigation, it is nonetheless procedural if it does not enlarge, abridge or modify substantive rights. *Matter of Adams*, 734 F.2d 1094 (5th Cir.1984), *citing Mississippi Publishing, supra*. Accordingly, we find that Rule 11 does not enlarge, abridge or modify any substantive rights, but rather regulates the integrity of papers submitted to the Court.

In conclusion, by construing Fed.R.Civ.P. 11 in a manner consistent with the Rules Enabling Act, it is the opinion of this Court that said rule is not a law within the meaning of 28 U.S.C. § 1331. Put more succinctly, because Rule 11 does not set forth any federal rights, remedies or duties of care requiring judicial construction, its use in a complaint does not present a federal question. This conclusion is further supported by Fed.R.Civ.P. 82 which states that the rules shall not be construed so as to extend or limit jurisdiction.

This is not to say that any duly promulgated rule of federal procedure, as is the

---

1. It is important to note that Rule 11 contemplates sanctions only upon *motion* or the court's own initiative. The rule makes no mention of

giving rise to a cause of action separate and apart from the frivolous lawsuit, or pleading, itself.

case with Rule 11, will not have the effect of law. Clearly, such rules will carry the full force of law behind them. *Sibbach v. Wilson & Co.*, 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479 (1941); *Quinones v. Pennsylvania General Ins. Co.*, 804 F.2d 1167 (10th Cir.1986).

### MOTION FOR SANCTIONS

Finally, with respect to the Defendants' Motion for Sanctions, filed concurrently with the Motion to Dismiss, the Court finds that said Motion should be denied. It is well settled that the Court will not impose sanctions so as to discourage novel or unique arguments. In light of the delegation of authority, by Congress, to the Supreme Court to promulgate rules of procedure the Plaintiff's instant action asserting federal question jurisdiction based upon Rule 11 is not so frivolous as to warrant sanctions.

### CONCLUSION

The Defendants' Motion for Sanctions is hereby DENIED. Further, the Defendants' Motion to Dismiss is hereby GRANTED and the Plaintiff's cause of action is hereby DISMISSED.