**PORT DRUM COMPANY,**
Plaintiff–Appellant,

v.

**Walter UMPHREY and Kurt B. Chacon, Defendants–Appellees.**

No. 88–2179
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 16, 1988.

Marian S. Rosen, Houston, Tex., for plaintiff-appellant.

Russell Serafin, Robert Davee, Mills, Shirley, Eckel & Bassett, Galveston, Tex., for defendants-appellees.

Before POLITZ, KING and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Port Drum Co. ("Port Drum") filed this suit seeking damages and declaratory relief against Walter Umphrey and Kurt Chacon, two attorneys who had maintained a wrongful death suit in federal court. Although Port Drum was never a party to that action, it asserts that federal law grants it a private cause of action to enforce Fed.R.Civ.P. 11.[1]  Under Port Drum's

---

1. Fed.R.Civ.P. 11 provides:

Every pleading, motion, and other paper of a

unique and imaginative theory, injured third parties derive from Rule 11 a private cause of action to enforce an attorney's professional duties. For reasons stated for the most part in the district court's opinion dismissing Port Drum's suit, we reject this novel legal argument.

## I.

The instant case arises from a previous lawsuit wherein Umphrey and Chacon, attorneys, represented the estate of Jimmy Sterling Smith. The decedent had been an employee of Port Drum whose job responsibilities included the cleaning of chemical residue from used drums. Umphrey and Chacon filed a lawsuit on behalf of the estate and against the chemical manufacturers, alleging that the exposure to their chemical residues caused Smith's death. Port Drum was never made a party to the wrongful death suit, nor did it ever intervene in that action. In the instant suit, Port Drum alleges that certain businesses, named defendants in the estate's lawsuit, have notified Port Drum that they will no longer do business with Port Drum because they were sued in the first lawsuit. Port Drum alleges that Umphrey and Chacon repeatedly violated Fed.R.Civ.P. 11, and focuses on an amended complaint that added 52 defendants who had never done business with Port Drum.

Port Drum asserted jurisdiction under 28 U.S.C. § 2201 (the Declaratory Judgment Act), 28 U.S.C. § 1331 (establishing federal question jurisdiction), and Fed.R.Civ.P. 11. The district court held that none of these provisions supplies subject matter jurisdiction for federal courts to entertain private causes of action to enforce Rule 11. 119 F.R.D. 26 (E.D.Tex.1988). We agree with the court's lucid opinion, which rejects section 2201 and Rule 11 as bases for subject matter jurisdiction and holds that the construction of Rule 11 does not present a "federal question" for purposes of conferring jurisdiction under section 1331. *Id.* at 27–28.

## II.

Section 1331 confers federal jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." It is true that a federal rule of civil procedure "has the force of a federal statute." *Sibbach v. Wilson & Co.*, 312 U.S. 1, 13, 61 S.Ct. 422, 426, 85 L.Ed. 479 (1941). The question before us, however, is not whether the rules can be enforced, as can a statute, but whether the existence of such a rule (here, specifically, Rule 11) makes a case one arising under federal law. We hold that the rule is not a "law" in that sense but is instead a regulator of a party's proceedings once that party is in federal court pursuant to another, independent jurisdictional grant. The rules, then, only implement the exercise of jurisdiction *otherwise* conferred by Congress and do not provide an independent basis for parties without any other jurisdictional grant

party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. A party who is not represented by an attorney shall sign the party's pleading, motion, or other paper and state the party's address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The rule in equity that the averments of an answer under oath must be overcome by the testimony of two witnesses or of one witness sustained by corroborating circumstances is abolished. The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

to get into federal court in the first place. *See Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444–46, 66 S.Ct. 242, 245–46, 90 L.Ed. 185 (1946).

A contrary analysis would be circular and would defeat the concept of federal jurisdiction as *limited*. By definition, any party to a federal court proceeding is subject to the federal rules and entitled to the benefits of the same. If the rules constituted independent grants of jurisdiction, a party with no other basis of jurisdiction could bootstrap itself into federal court, and survive a jurisdictional motion to dismiss, merely by alleging a desire to enjoy the benefits of one of the rules or to have that rule construed.

■ But Congress has stated unequivocally that the rules are not to be used for such a purpose. The Enabling Act, 28 U.S.C. § 2072, provides that the rules of civil procedure "shall not abridge, enlarge or modify any substantive rights...." Similarly, Fed.R.Civ.P. 82 states that "[t]hese rules shall not be construed to extend or limit the jurisdiction of the United States district courts...." *Accord, United States v. Sherwood*, 312 U.S. 584, 589–90, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1941). *See Matter of Adams*, 734 F.2d 1094 (5th Cir. 1984); 7–Pt.2 J. Moore, J. Lucas & K. Sinclair, *Moore's Federal Practice* ¶ 82.02[1] (2d ed. 1973); 2 *Moore's Federal Practice* ¶ 1.02[1] (2d ed. 1983). Thus, under section 2072 and Rule 82, we may not invoke Rule 11 to "enlarge ... any substantive right" or "extend ... jurisdiction" to this case, where such jurisdiction is otherwise wanting.

If Rule 11 did expand substantive rights, it would be invalid under the Enabling Act. "The test must be whether a rule really regulates procedure,—the judicial process for enforcing rights and duties recognized by substantive law and for justly adminis-

tering remedy and redress for disregard or infraction of them." *Sibbach v. Wilson & Co.*, 312 U.S. at 14, 61 S.Ct. at 426. In *Matter of Adams*, we used the *Sibbach* test in construing a bankruptcy rule that effectively imposes default upon a debtor who fails to meet technical filing requirements. We held that the rule created no substantive rights. As default is the equivalent of the harshest sanction Rule 11 authorizes, we conclude that not even such sanctions convert Rule 11 from a "rule [that] really regulates procedure" into one that instead creates new substantive rights. *See Adams*, 734 F.2d at 1101–02.

Looking specifically at Rule 11, we find nothing that sets it apart from the other federal rules in any respect that would be deemed to confer new substantive rights. Thus, it is no more a "law" under which a cause of action may arise than are its companion rules. Rule 11 is designed to regulate proceedings among parties already before the court in a particular case.[2] And even as to such parties, the rule's primary purpose is to discourage groundless proceedings rather than to compensate wronged parties by means of affirmative relief. In expressing the unanimous view of this circuit, we have noted that "*'the imposition of sanctions pursuant to Rule 11 is meant to deter attorneys from violating the rule.'*" *Thomas v. Capital Sec. Services, Inc.*, 836 F.2d 866, 877 (5th Cir. 1988) (en banc) (quoting *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir.1987) (en banc)) (emphasis in this court's original). Thus, "the least severe sanction adequate to serve the purpose," rather than a sanction necessarily designed to compensate the wronged party fully, "should be imposed." 836 F.2d at 878.

■ In this regard, *Thomas* suggests that the "least severe sanction" may often fall short of monetary compensation:

---

**2.** In some instances, such as an appeal from a civil contempt order, non-parties and former parties may utilize the rules to challenge on-going proceedings. *See United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, ——— U.S. ———, 108 S.Ct. 2268, 101 L.Ed.2d 69 (1988). In such limited circumstances, non-parties actually may have greater rights than par-

ties precisely because non-parties cannot seek to challenge the proceedings once the original suit is at an end. *See 9 Moore's Federal Practice* ¶ 11.13[4] (2d ed. 1970). Here, by contrast, Port Drum seeks affirmative relief, on the basis of a rule, in a separate proceeding after the prior proceeding has been terminated.

... What is 'appropriate' may be a warm friendly discussion on the record, a hard-nosed reprimand in open court, compulsory legal education, monetary sanctions, or other measures appropriate to the circumstances.

*Id.* Port Drum, however, seeks only monetary reward. It would be incongruous with *Thomas* and with the scheme of Rule 11 for the district court to entertain an independent lawsuit in which the only relief being considered is cash compensation. Nor would it really make sense for the court, assuming jurisdiction were present, to impose an alternative, lessor sanction (such as a reprimand) when no such relief is even requested (or, presumably, desired) by plaintiff Port Drum.

Moreover, to grant relief to Port Drum in this separate suit would defy the plain wording of Rule 11. If monetary relief is granted, the rule contemplates that it be awarded to another party (or parties) to the same suit: The sanction "may include an order to pay *to the other party or parties*[3] the amount of the reasonable expenses incurred...." (Emphasis added.) Moreover, Rule 11 provides that a court may invoke the rule only "upon *motion* or upon its own initiative" (emphasis added)—a further indication, if one were needed, that the rule is to be utilized during the pendency of the initial suit in which the asserted violation occurred. Here, by way of contrast, Port Drum invokes the rule not by motion but by original complaint.

### III.

■ The Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, is similarly unavailing to Port Drum. In *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950), the Supreme Court held that the Act only enlarged the range of remedies available in the federal courts and does not extend or expand jurisdiction. As the trial court noted here, 119

F.R.D. at 27, "the Court must necessarily have an independent basis for asserting jurisdiction over the subject matter of a case" (citing *Commercial Metals Co. v. Balfour, Guthrie & Co.*, 577 F.2d 264 (5th Cir.1978)). Port Drum has no such independent basis here. The district court's judgment is AFFIRMED.

---

**3.** We do not hold that Rule 11 could never be invoked by a technical non-party. It is conceivable, for example, that, *during the pendency of the original action,* a party in the posture of the petitioners in *United States Catholic Conference v. Abortion Rights Mobilization, Inc.,* could assert, by motion, that one of the parties is violating Rule 11, to its detriment as a non-party witness. We need not decide such a hypothetical here, as Port Drum is seeking Rule 11 relief in a separate suit and did not participate in the prior litigation as an involuntary witness.