423 S.E.2d 379

Blake C. MARTIN and Charles A. Martin, Plaintiffs Below, Appellants,

v.

ERA GOODFELLOW AGENCY, INC., a Corporation; Barbara S. Payton, Individually and as an Agent and Employee of Era Goodfellow Agency, Inc., a Corporation; and Elizabeth Vane, Defendants Below, Appellees.

No. 20288.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 23, 1992.

Decided Oct. 23, 1992.

Timothy M. Sirk, Keyser, for appellants.

Charles B. Howard, Bowles, Rice, McDavid, Graff & Love, Charles Town, for appellees.

PER CURIAM:

This is an appeal by Blake C. Martin and Charles A. Martin from an order of the Circuit Court of Mineral County granting ERA Goodfellow Agency, Inc., and other individuals named as defendants, summary judgment in a fraud action instituted by the appellants. On appeal, the appellants claim that there were genuine issues of material fact in the case at the time the court awarded summary judgment and that, under the circumstances, summary judgment was inappropriate. After reviewing the questions presented and the documents filed, this Court disagrees. Accordingly, the judgment of the Circuit Court of Mineral County is affirmed.

On May 5, 1989, Blake C. Martin and Charles A. Martin entered into a contract to purchase a parcel of real estate located in Mineral County from Elizabeth H. Vane. Ms. Vane was represented by ERA Goodfellow Agency, Inc., in the sale.

Prior to entering into the contract, the appellants examined the property on two occasions. According to their complaint, while they were considering the transaction, they were informed that "the subject real property included a legal, adequate, and effectively functional septic system and drain field."

After entering into the contract, but before closing, appellant Blake C. Martin detected that there were problems with the septic system and discussed the problems with ERA Goodfellow Agency's employee, Barbara Payton. During the discussions, Mr. Martin indicated that he was not going to close the transaction until he had received something in writing to protect his rights relating to the septic system.

During the discussions, although the complete extent of the septic system problems was unclear, the appellants and the seller agreed to resolve the problems by establishing an escrow account before closing. The escrow agreement provided that the parties would escrow $1,000.00 of the purchase price to be used for the purpose of installing, repair, or transferring the septic system located upon the property. Further, the agreement provided that the

appellants would pay and absorb the costs of correcting the septic system over and above the $1,000.00 and that if the repairs cost less than $1,000.00 the excess in the account would be paid to the seller.

Following the closing of the transaction, the appellants learned that the septic system problems were very extensive and instituted the present legal proceeding in which they took the position that the septic system was defective and that, as a consequence, they suffered damages resulting from the purchase of the property. They claimed that "[t]he representations made by the Defendants, acting individually and in concert, regarding the existence, condition and sufficiency of the septic system and drain field were facts material to the transaction from the Plaintiffs [sic] perspective," and that "[t]he Defendants, individually and in concert, made the aforementioned false representation with the intent to deceive and defraud the Plaintiffs and the intent to induce Plaintiffs [sic] reliance on such representations." They also took the position that they "reasonably believed the Defendants [sic] representations to be true and in justifiable reliance thereon entered into a contract for the purchase of the said property . . . and suffered injury as a proximate result of Defendants' misrepresentations made individually and in concert."

Following the institution of the proceeding, the defendants moved for summary judgment and, in conjunction with the motion, the deposition of appellant Blake C. Martin was taken. In that deposition, Mr. Martin indicated that Barbara S. Payton, an employee of ERA Goodfellow Agency, Inc., which was representing the seller, Elizabeth Vane, in the sale, made representations to him concerning the septic system and its condition. In essence, he indicated that Ms. Payton stated that the system existed and was efficient.

In the same deposition, Mr. Martin testified that about a week before the contract for the purchase of the Vane property was entered into, he became concerned about the septic system and he discussed it with the seller and the sales agent. He acknowledged that as a result of the discussions, the parties agreed to escrow $1,000.00 of the purchase price to go toward the repair of the septic system. He also testified that he understood that if correction of the system cost more than that amount, he would pay for the overage.

After taking the summary judgment motion and the accompanying evidence under consideration, the Circuit Court of Mineral County granted the defendants below summary judgment. It is from that ruling that the appellants now appeal.

In the present proceeding, the appellants claim that there were genuine issues of material fact in the case at the time the circuit court granted summary judgment and that, under the circumstances, summary judgment was improper.

■ Generally, in West Virginia the essential elements in an action for fraud are: (1) that the act of fraud was committed by the defendant; (2) that it was material and false; (3) that plaintiff relied upon the misrepresentation and was justified in relying upon it; and (4) that plaintiff was damaged because he relied upon it. *Horton v. Tyree*, 104 W.Va. 238, 139 S.E. 737 (1927).

After examining the allegations of the appellants' complaint in the present case, this Court believes that, in essence, the appellants alleged these elements in the complaint and, in essence, set forth a cause of action for fraud.

■ Other law in West Virginia indicates, however, that where a party discovers fraud after entering into a contract, but before the contract is performed, that party must either elect to rescind the contract on the basis of the fraud or affirm the contract and accept the performance of the party who committed the fraud. The law further indicates that if the defrauded individual elects to affirm the contract and accept the performance of the party who committed the fraud, he thereby waives any subsequent action for fraud. *Hutton v. Dewing*, 42 W.Va. 691, 26 S.E. 197 (1896). In the single syllabus point of the *Hutton* case, the Court states the rule as follows:

If one, with knowledge of a fraud which would relieve him from a contract, goes on to execute it, he thereby confirms it, and can not get relief against it. He has but one election to confirm or repudiate the contract, and, if he elects to confirm it, he is finally bound by it.

*See also, Rollyson v. Bourn,* 85 W.Va. 15, 100 S.E. 682 (1919), and *Manss–Bruning Shoe Mfg. Co. v. Prince,* 51 W.Va. 510, 41 S.E. 907 (1902); *White v. National Steel Corp.,* 742 F.Supp. 312 (N.D.W.Va.1989).

■ Under these principles, the Court believes that even if the appellants in the present case could prove that they were induced into entering into the contract in question by the fraudulent representations of the defendants relating to the septic system, the fraud, and their right to bring an action because of it, would be waived if the evidence showed that they were aware of it before the contract was executed or performed and if they chose to accept execution of performance of the contract rather than to rescind it.

■ This Court stated in syllabus point 4 of *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963), that "[i]f there is no genuine issue as to any material fact summary judgment should be granted but such judgment must be denied if there is a genuine issue as to a material fact."

In the present case, the deposition of appellant Blake C. Martin rather conclusively shows that before the contract in question was performed by the parties, Mr. Martin was clearly aware that there were problems with the septic system and that any representations made by the defendants regarding the existence, condition, and sufficiency of the septic system were not necessarily correct. After learning of the problems and after the escrow account had been established, he chose not to rescind the contract, but instead he elected to accept the performance of the seller along with the escrow arrangement.

This Court believes that under the principles set forth in *Hutton v. Dewing, supra,* the appellants' election not to rescind the contract but to affirm it and accept the performance with the escrow modification, in effect, constituted a waiver of any fraud growing out of representations initially made regarding the condition of the septic system.

Under the circumstances of the case, the Court believes that there was no genuine issue as to any material fact at the time of entry of summary judgment and that the trial court properly granted summary judgment.

The judgment of the Circuit Court of Mineral County is, therefore, affirmed.

Affirmed.