PINEVILLE REAL ESTATE OPERA-TION CORPORATION, a North Carolina Corporation; Carmen Viana, Trustee of the Retirement Plan of the U.S.W. Local 6141 Employees of EC Manufacturing Division of Wittek Industries, Incorporated, Plaintiffs–Appellants,

v.

Mark A. MICHAEL; Eric Meierhoefer; Glenn Breitwieser; Ronald J. Biggers; James E. Brandon; Linda M. Cornwell; James A. Dunn; Kenneth W. Elliott; Betty L. Griffin; Robert L. Jackson; Terry K. Jewell; Kenneth Jordan; Charles E. Lackey; Raymond W. Lamberth; John Edward Miller, Jr.; Robert A. Munse; Deborah W. Stanton; John H. Starnes; Gary Sweeney; Joanne M. Veillette; Jerry E. Wingate; C.W. Kidd, Sheriff of Mecklenburg County; Execution Sale Purchasers (Does 1 to 10), Defendants–Appellees.

No. 93–1625.

United States Court of Appeals, Fourth Circuit.

Argued June 8, 1994.

Decided Aug. 8, 1994.

---

**ARGUED:** George Clive Hook, II, George C. Hook, P.C., Chicago, IL, for appellants. Eric Robert Meierhoefer, Charlotte, NC, for appellee.

Before ERVIN, Chief Judge, and NIEMEYER and WILLIAMS, Circuit Judges.

## OPINION

PER CURIAM:

Federal Rule of Civil Procedure 12(h)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." [1] Pineville Real Estate Operation Corporation and Carmen Viana [2] assert no federal cause of action, and the only basis for federal jurisdiction offered by Pineville in this case is that it "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (1988).

The Defendants in this case obtained federal judgments against Wittek Industries in a prior ERISA action. [3] They recorded liens in the local land records, pursuant to N.C.Gen.Stat. § 1–237 (1983), against property owned by Wittek Industries. The underlying complaint in this case consists of two state law causes of action for abuse of process and interference with prospective advantage, through which Pineville seeks to enjoin state enforcement of the liens by the Defendants and the Sheriff of Mecklenburg County. Pineville argues that the federal judgments were not final when the liens were filed, and did not become final until after the property owned by Wittek Industries had been conveyed to Pineville Real Estate Corporation. As its basis for federal subject matter jurisdiction, Pineville contends that its complaint presents a federal question regarding the finality of the federal judgments under Federal Rule of Civil Procedure 54(b), and resolution of this question is essential to determine the validity and priority of the liens filed pursuant to North Carolina law as a result of those judgments. Beyond the Federal Rules of Civil Procedure, Pineville offers no other federal statute or regulation

1. In the order denying a temporary restraining order and preliminary injunction from which Pineville appeals, the district court noted its skepticism regarding the basis for jurisdiction. Although Defendants filed a motion to dismiss for lack of subject matter jurisdiction, Pineville had already noticed its appeal to this court. Thus, the district court denied the motion because it was without jurisdiction to address it. The district court correctly noted that Defendants could present the motion before the Fourth Circuit because lack of subject matter jurisdiction may be raised at any time. We deferred ruling on Defendant's motion to dismiss before this court until oral argument.

2. Viana, Trustee of the Retirement Plan of U.S.W. Local 6141 Employees of EC Manufacturing Division of Wittek Industries, Inc., is also a plaintiff in this action. Both parties will be referred to collectively as "Pineville."

3. The judgments in question were entered in another case heard by this court on appeal, *Biggers v. Wittek Indus., Inc.*, 4 F.3d 291 (4th Cir. 1993).

to support a right of action or remedy in this case.

As we held in *Clark v. Velsicol Chemical Corp.*, 944 F.2d 196, 198 (4th Cir.1991) (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 817, 106 S.Ct. 3229, 3236, 92 L.Ed.2d 650 (1986)), *cert. denied,* —— U.S. ——, 112 S.Ct. 1173, 117 L.Ed.2d 418 (1992), when there is no federal cause of action and the application of a federal statute is but an element of Plaintiff's state cause of action, we lack federal question jurisdiction. That result is even more apparent when, as here, the only federal law Pineville argues is relevant to the case are the Federal Rules of Civil Procedure, because the Rules themselves provide that they are not to be construed to limit or extend the jurisdiction of the district courts. Fed.R.Civ.P. 82; *see also Bernard v. U.S. Lines, Inc.,* 475 F.2d 1134, 1136 (4th Cir.1973) (jurisdiction is not to be extended by the Federal Rules of Civil Procedure); *Kenrose Mfg. Co. v. Fred Whitaker, Inc.,* 512 F.2d 890, 893 (4th Cir.1972) ("By express provision the [Federal Rules of Civil Procedure] are not to be read as a source of jurisdiction."); *Waffenschmidt v. MacKay,* 763 F.2d 711, 720 (5th Cir.1985) ("Federal Rules of Civil Procedure do not expand or restrict the jurisdiction that the court otherwise possesses."), *cert. denied,* 474 U.S. 1056, 106 S.Ct. 794, 88 L.Ed.2d 771 (1986); *Glus v. G.C. Murphy Co.,* 562 F.2d 880, 886 (3d Cir.1977) (Federal Rules of Civil Procedure cannot be used to expand the subject matter jurisdiction of the district courts); *Brennan v. Silvergate Dist. Lodge No. 50, Int'l Ass'n of Machinists,* 503 F.2d 800, 804 (9th Cir.1974) (Federal Rules of Civil Procedure do not enlarge the jurisdiction of federal courts); *Pettyjohn v. Pettyjohn,* 192 F.2d 322, 326 (8th Cir.1951) (Federal Rules of Civil Procedure are wholly procedural and neither extend nor limit the established jurisdiction of federal district courts).

The point is well stated in the Fifth Circuit case, *Port Drum Co. v. Umphrey,* 852 F.2d 148, 149–50 (5th Cir.1988), that the Rules are not "laws" in the sense intended in § 1331, and that they cannot be the basis for federal question jurisdiction:

> The rules, then, only implement the exercise of jurisdiction *otherwise* conferred by Congress and do not provide an independent basis for parties without any other jurisdictional grant to get into federal court in the first place. *See Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 444–46, 66 S.Ct. 242, 245–46, 90 L.Ed. 185 (1946).
>
> A contrary analysis would be circular and would defeat the concept of federal jurisdiction as *limited.*

852 F.2d at 149–50 (emphasis in original); *see also Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 70 (2d Cir.1990) ("The Rules do not provide an independent ground for subject matter jurisdiction over an action for which there is no other basis for jurisdiction."), *cert. denied,* —— U.S. ——, 112 S.Ct. 3036, 120 L.Ed.2d 905 (1992).

Interpretation of the Federal Rules of Civil Procedure, even if such were required in this case, does not present a federal question for purposes of conferring federal subject matter jurisdiction under § 1331. Because Pineville asserts no other basis for federal jurisdiction, the complaint is, accordingly, dismissed.

*DISMISSED.*