**Leah BROWNING, Plaintiff,**

v.

**GEUPEL CONSTRUCTION CO., et al., Defendants.**

**Civ. A. No. 2:95–0441.**

United States District Court, S.D. West Virginia, Charleston Division.

July 19, 1995.

R.R. Fredeking, II, Fredeking & Fredeking, Huntington, WV, for plaintiff.

Robert H. Sweeney, Jr., Jenkins, Fenstermaker, Krieger, Kayes & Farrell, Huntington, WV, for Belva Coal Co.

D.C. Offutt, Jr., Offutt, Eifert, Fisher, Duffield & Nord, Huntington, WV, for GOM Management, Sturgill and Golden Oak.

Lawrence E. Morhous, Brewster, Morhous & Cameron, Bluefield, WV, for B & S, Inc.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is the Plaintiff's Motion to Remand. The removing Defendants GOM Management, Incorporated ("GOM"), William B. Sturgill ("Sturgill"), and Golden Oak Mining, L.P. ("Golden Oak") have not responded to this motion. The matter is now mature for the Court's consideration.

Rayburn Browning was employed by Defendant Geupel Construction Company ("Geupel") on Surface mine 927 in Logan County, West Virginia. He was killed on April 23, 1991 when the brakes on the grader he was operating failed. His widow, Leah Browning, initiated this litigation on September 3, 1992 in the Circuit Court of Logan County, West Virginia.

On October 2, 1992 Defendant Belva filed a Notice of Removal in this Court on the basis of diversity jurisdiction. On April 14, 1993 Plaintiff was given leave to file an Amended Complaint, adding Cole and Crane Real Estate Trust, W.W. McDonald Land Company and Rich Creek Mining Contractor, Incorporated ("Rich Creek Mining") as Defendants.[1] In addition to the claims contained in the original Complaint, the Amended Complaint alleged the Defendants negligently operated Surface Mine No. 927 in violation of state, federal and industry regulations. More specifically, the Plaintiff alleged the Defendants violated the federal Coal Mine Health and Safety Act, 30 U.S.C. § 801, *et seq.*

On May 24, 1993, Plaintiff moved to remand arguing diversity did not exist because

---

1. Plaintiff asserted the then defendants concealed the identity of Rich Creek Mining in an effort to prevent diversity from being destroyed. The existence of Rich Creek Mining was revealed only after the Defendants were compelled to identify the company by the court.

Rich Creek Mining was a West Virginia Corporation. Judge Copenhaver remanded the action to the Circuit Court of Logan County on July 8, 1993.

In state court the action was stayed indefinitely on April 4, 1994 when Rich Creek Mining filed bankruptcy. Subsequently, Plaintiff petitioned the United States Bankruptcy Court to obtain relief from the automatic stay. On August 13, 1994 the stay was lifted, allowing the Plaintiff to seek recovery from Rich Creek Mining.

After the stay was lifted, the state trial was continued a number of times.[2] On May 8, 1995, the state court again continued the trial because a settlement among some of the Defendants appeared imminent. The state court also allowed the Plaintiff to amend her complaint to add yet additional defendants.

On May 16, 1995, Plaintiff filed her Second Amended Complaint in state court naming GOM, Sturgill, Golden Oak Mining, B & S Trucking, Incorporated and Does 1–100 as additional defendants. As in the first Amended Complaint, Plaintiff alleged Defendants violated the West Virginia Workers Compensation Laws, as well as other state and federal regulations, and statutes including the Coal Mine Health and Safety Act.[3]

On June 14, 1995, Defendants GOM, Sturgill, and Golden Oak Mining removed the case to this Court, asserting federal question jurisdiction under the Coal Mine Health and Safety Act. The remaining Defendants consented to and joined in removal. Plaintiff moved to remand.

### DISCUSSION

■ This Court has original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (1980). A claim of federal question jurisdiction is to be resolved on the basis of the allegations in the Complaint. *Burgess v. Charlottesville Savings & Loan*

*Ass'n,* 477 F.2d 40, 43 (4th Cir.1973). Not every question of federal law constitutes a question sufficient to confer federal jurisdiction. *Gully v. First Nat'l Bank,* 299 U.S. 109, 113, 57 S.Ct. 96, 98, 81 L.Ed. 70 (1936). "To sustain [a claim of federal question jurisdiction], the complaint must ... contain allegations 'affirmatively and distinctly' establishing federal grounds, 'not in mere form, but in substance' and 'not in mere assertion, but in essence and effect.'" *Id.* (citations omitted).

■ It is well-established a negligence claim alleging a violation of a federal regulation or statute does not arise under the Constitution, laws or treaties of the United States automatically. *See Pineville Real Estate Operation Corp. v. Michael,* 32 F.3d 88 (4th Cir.1994) (interpretation of Federal Rules of Civil Procedure insufficient to confer federal jurisdiction), *cert. denied,* —— U.S. ——, 115 S.Ct. 935, 130 L.Ed.2d 880 (1995); *Railway Labor Executives Ass'n v. Pittsburgh & Lake Erie R.R. Co.,* 858 F.2d 936, 939 (3d Cir.1988) (Court remanded the action where complaint referred to Railway Labor Act and Interstate Commerce Act but relied solely upon state law; no federal cause of action was created by the statutes in question); *Burgess v. Charlottesville Savings & Loan Ass'n,* 477 F.2d 40 (4th Cir.1973) (tort and contract action founded on federal Truth in Lending Act does not constitute federal question for jurisdictional purposes); *Andersen v. Bingham & G. Ry. Co.,* 169 F.2d 328 (10th Cir.1948) (negligence claim alleging violation of federal safety appliance act does not constitute federal question); *Brown v. Harms,* 863 F.Supp. 278, 282 (E.D.Va.1994) (claim which involves Uniformed Services Former Spouses Protection Act does not confer federal jurisdiction); *Busbee v. Continental Ins. Co.,* 526 F.Supp. 1243 (N.D.Ga.1981) (federal question jurisdiction did not exist under federal Surface Mining Control and Reclamation Act).

---

2. Upon the Defendant's motion, the state court rescheduled the trial for February 28, 1995. Defendant Geupel again moved to continue the trial on February 21, 1995 because of a potential conflict. The trial was once again rescheduled in state court for May 15, 1995.

3. Before the Second Amended Complaint was filed, Plaintiff settled with Defendant Geupel and Rich Creek Mining. On July 3, 1995, this Court after the removal entered a Partial Dismissal Order releasing those entities from this action.

278

Removal is improper where there is no private cause of action under the federal statute in question. *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) (consumer's state court action against drug manufacturer based in part on the theory the manufacturer violated the provisions of the federal Food, Drug and Cosmetic Act did not present federal question where there was no private cause of action provided under the statute). "[T]he congressional determination that there should be no federal remedy for the violation of [the] federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Id.* at 814, 106 S.Ct. at 3235.

In a case similar to the one *sub judice,* the plaintiffs alleged defendants negligently operated a chemical plant by releasing hazardous substances into the soil, air and groundwater in the vicinity of plaintiffs' property. *Mulcahey v. Columbia Organic Chem. Co.,* 29 F.3d 148 (4th Cir.1994). The complaint referred to violations of federal environmental statutes as negligence *per se.* Our Court of Appeals held the plaintiffs' "reference to federal environmental statutes in their state common law negligence action cannot support federal subject matter jurisdiction." *Id.* at 154. The Court based its holding in part upon the fact the compensatory damages remedy sought by the Plaintiffs were not available under the statutes at issue. *Id.* Because the statutes failed to authorize private claims for compensatory damages, no substantial federal question arose. *Id.*

The federal Coal Mine Health and Safety Act, 30 U.S.C. § 801 *et seq,* affords no private cause of action. *Raymer v. United States,* 660 F.2d 1136 (6th Cir.1981), *cert. denied,* 456 U.S. 944, 102 S.Ct. 2009, 72 L.Ed.2d 466 (1982); *Ayala v. Joy Mfg. Co.,* 580 F.Supp. 521 (D.Colo.1984). Accordingly, the Court concludes this action was removed improvidently and without federal subject matter jurisdiction. The Court **GRANTS** the Plaintiff's Motion to Remand and **ORDERS** this action be remanded to the Circuit Court of Logan County, West Virginia, for all further proceedings.

The Court further **DENIES** as moot all remaining pending motions.