RANDALL, Circuit Judge:
 

 Defendant-appellant, Ray Bryan Adams, appeals from a judgment of the district court affirming a judgment of the bankruptcy court. Both the bankruptcy court and the district court held that a debt owed by Adams to plaintiff-appellee, Z.D. Bonner, was not dischargeable in bankruptcy.
 
 [1]
 
 We affirm.
 

 
 *1097
 
 I.
 

 On May 6, 1975, the judges of the United States District Court for the Western District of Texas adopted a local rule pursuant to rule 927 of the Rules of Bankruptcy Procedure,
 
 [2]
 
 requiring attorneys for bankrupts to file with the clerk of court a “label matrix” containing the names and addresses of all creditors. The rule provides:
 

 ORDER REQUIRING ATTORNEYS FOR BANKRUPTS TO SUBMIT LISTING OF CREDITORS ON MASTER FORM
 

 It is the order of the Court that all attorneys for bankrupts or debtors-in-possession will file with the Clerk of the Court in each of the Divisions of the Western District of Texas, a Label Matrix (zerox No. 3R 1998) or a similar master listing of the names and complete addresses of all creditors (secured and unsecured); the bankrupts; the attorneys; and other interested parties. The zip code will also be included on each of the addresses.
 

 Effective June 1, 1975, and thereafter, the Clerk of the Court will refuse filings of petitions unless accompanied by a master listing suitable for duplication. Effective on the date of this order and thereafter until June 1,1975, the list may be submitted three days after date of filing of petitions.
 

 This order is made in accordance with the Rules of Bankruptcy Procedure,— Rule 927.
 

 Dated at San Antonio, Texas, May 6, 1975.
 

 This order was not filed with the Administrative Office of the United States Courts as directed by Bankruptcy rule 927. Nor did this order appear in any published collection of local rules of the Western District of Texas.
 

 Adams filed a voluntary petition for bankruptcy on September 1, 1977. At the time of the filing of the petition, Adams owed Bonner the sum of $17,378.05 plus interest. With his petition, Adams filed Schedule A-3 of unsecured creditors as required by section 7(a)(8) of the Bankruptcy Act, 11 U.S.C. § 25(a)(8) (1976),
 
 [3]
 
 and rule 108 of the Rules of Bankruptcy Procedure.
 
 [4]
 
 Bonner’s name and address were listed correctly on the Schedule A-3 filed by Adams. Adams also filed a label matrix as required by the local rule. However, on the label matrix, Bonner’s address was incorrectly listed. As a result, Bonner did not receive
 
 *1098
 
 official notice of Adams’ bankruptcy.
 
 [5]
 
 Neither did Bonner have actual knowledge of the bankruptcy proceeding within the time to file his proof of claim. On July 9, 1979, Bonner filed an objection to the discharge of his claim.
 

 After a hearing, the bankruptcy court held that Adams’ debt to Bonner was non-dischargeable under section 17(a)(3) of the Bankruptcy Act, 11 U.S.C.. § 35(a)(3) (1976).
 
 [6]
 
 Determining that the label matrix is a part of the bankruptcy schedule and that a creditor who is omitted or incorrectly listed on the label matrix is not “duly scheduled” within the meaning of section 17(a)(3), the bankruptcy court found that the indebtedness owing to Bonner was not “duly scheduled” and that Bonner had neither notice nor actual knowledge of the bankruptcy proceeding within the time for the proof or the allowance of his claim. The district court affirmed the judgment of the bankruptcy court. From the district court’s judgment, Adams appeals.
 

 II.
 

 It is well settled that if a debtor lists incorrectly the name or address of a creditor in the required schedules, so as to cause the creditor not to receive notice, that creditor’s debt has not been “duly scheduled” within the meaning of section 17(a)(3), and if the creditor has no actual knowledge of the bankruptcy proceeding, the creditor’s debt is not dischargeable.
 
 Venson v. Housing Authority of City of Atlanta,
 
 337 F.2d 616 (5th Cir.1964); 1A
 
 Collier on Bankruptcy
 
 ¶ 17.23 n. 25 (14th ed. 1978). Section 17 of the Bankruptcy Act provides that “[a] discharge in bankruptcy shall release a bankrupt from all provable debts, whether allowable in full or in part, except as ... (3) have not been duly scheduled in time for proof and allowance ... unless such creditor had notice or actual knowledge of the proceedings in bankruptcy.” The obvious purpose of section 17(a)(3) is to except debts from discharge where the creditor has been deprived of participating in or filing his claim in the bankruptcy proceeding because of improper scheduling. Thus, if the rule adopted by the district court is a proper and valid rule and if that rule makes the label matrix a part of the bankruptcy schedules, then the failure of Adams to “duly schedule” Bonner’s debt would require that we affirm the judgment of the district court. Adams, however, argues that the local rule is not valid and that the district court misinterpreted its rule as making the label matrix part of the bankruptcy schedules. Adams also argues that he has been denied due process.
 

 The Rules of Bankruptcy Procedure,
 
 [7]
 
 in accordance with the Judicial Code,
 
 [8]
 
 clearly empower district courts to promulgate housekeeping rules for the bankruptcy courts. Local rules are promulgated by district courts primarily to promote the efficiency of the court,
 
 Lance, Inc. v. Dewco Services, Inc.,
 
 422 F.2d 778, 784 (9th Cir.1970), and such local rules have the same force and effect as law, and are
 
 *1099
 
 binding upon the parties and the court until changed in the appropriate manner.
 
 Smith v. Ford Motor Co.,
 
 626 F.2d 784, 796 (10th Cir.1980). The legislative history of 28 U.S.C. § 2071 illustrates that a “broad rule-making power was intended,” H.R.Rep. No. 308, 80th Cong., 1st Sess., at A169 (1947); similarly, courts have held that a broad discretion exists in adopting rules to promote efficiency in the court.
 
 Martinez v. Thrifty Drug and Discount Co.,
 
 593 F.2d 992 (10th Cir.1979);
 
 Lance, Inc. v. Dewco Services, Inc., supra.
 
 This rulemaking power, however, is not without limits. The district court’s bankruptcy rulemaking power is first limited by the provisions of rule 927. Therefore, a local rule cannot be inconsistent with the Rules of Bankruptcy Procedure. The court’s rulemaking power is also limited by the provisions of 28 U.S.C. § 2071. Accordingly, a local rule cannot be inconsistent with “Acts of Congress.” Finally, the court’s bankruptcy rulemaking power is limited by the Bankruptcy Rule Enabling Act, 28 U.S.C. § 2075.
 
 [9]
 
 Thus, a local rule must be procedural, and cannot abridge, enlarge, or modify any substantive right.
 
 [10]
 

 Adams first argues that the local rule here in question is not a local rule at all because the order does not purport to be a local rule. This argument is without merit. By its own terms, the order issued by the district court purports to be a local rule. The order is adopted by a majority of the judges of the court, as required by rule 927, and the order specifically states that “[t]his order is made in accordance with the Rules of Bankruptcy Procedure, — Rule 927.” Rule 927, the text of which is set forth above, is entitled simply “Local Bankruptcy Rules.” Accordingly, the district court clearly intended to adopt a local bankruptcy rule by its order.
 

 Adams next argues that the label matrix rule is not a valid rule because the court did not comply with the express requirements of rule 927; a copy of the local rule was not filed with the Administrative Office of the United States Courts. Whether the proper administrative filing is required to validly promulgate a local rule appears to be an issue of first impression for this or any other court. We find that the district court’s failure to file the rule in this case does not invalidate the rule if otherwise valid. Our conclusion is based upon the language of rule 927, the limited purpose of administrative filing, and the specific facts of this case. Under rule 927, a district court by a majority of the judges in the district is allowed to make and amend rules governing practice and procedure. Once the local rule is made, copies of the rule “so made” should be furnished to the proper depository. Thus, filing of a local rule does not appear to be a condition precedent to the effectiveness of the rule. Indeed, the sole rationale of filing seems to be collection of local rules for administrative and publication purposes. Our conclusion as to the result of failure to file in this case might be different if filing had a more substantive purpose, such as approval of the rule. However, “[fjiling does not imply approval by the Supreme Court or by the Administrative Office.” Weinstein,
 
 Re
 
 
 *1100
 

 form of Federal Court Rulemaking Procedures,
 
 76 Col.L.Rev. 905, 947 (1976);
 
 see also
 
 12 C. Wright & A. Miller,
 
 Federal Practice and Procedure: Civil
 
 § 3152 n. 12 (1973). Filing with the Administrative Office is merely passive, without any attempt at supervision or analysis. Weinstein,
 
 supra,
 
 at 927 n. 247. Our conclusion might also be different if the rule in this case did not have a self-actuating notice provision or if Adams did not have actual knowledge of the rule. The rule provides that the clerk of court will refuse the filing of petitions unless accompanied by the label matrix. As such, all affected members of the bar will have notice of the existence of the local rule. Indeed, Adams’ attorney had actual knowledge of the rule because a label matrix was filed in this case. We are reluctant to invalidate an otherwise valid local rule for failure to file where the only apparent purpose for filing is to facilitate education of the bar as to the existence of the rule, where the challenged rule is self-actuating as to notice of its existence, and where the party challenging the rule has actual knowledge of the existence of the rule. To invalidate the local rule under such circumstances would be to elevate form over substance, which we refuse to do in this ease.
 

 Adams next argues that the label matrix rule is invalid because it is inconsistent with the Rules of Bankruptcy Procedure, specifically rules 108 and 506. Rule 108 provides in pertinent part:
 

 (a)
 
 Schedules and Statement Required.
 
 The bankrupt shall file with the court schedules of all his debts and all his property ..., prepared by him in the manner prescribed by Official Forms No. 6 ....
 

 Form number 6 contains Schedule A-3, which Adams filed with his petition. Adams claims that rule 108 sets forth the schedules to be filed with a bankruptcy petition, and thus the label matrix rule, which requires filing of something in addition to that required by rule 108, is inconsistent with rule 108. We do not agree. The label matrix rule merely requires that an additional copy of a portion of Schedule A-3 be filed in a particular format; it requires nothing substantive not already required. Rules such as this are neither unusual nor unprecedented. Many district courts have rules requiring the filing of additional copies of the schedules. Most district courts have rules requiring that names on the schedules be listed in alphabetical order. Several courts have rules identical to the rule at issue in this case.
 
 See generally
 
 11
 
 Collier on Bankruptcy
 
 (14th ed. 1976) (setting forth illustrative local rules). All of these rules have one thing in common — they require something not specifically required by rule 108 or something in a format not specifically required by rule 108 for the purpose of assisting in the efficient handling of bankruptcy cases. Prior to the adoption of the label matrix rule, employees of the clerk of court had to manually type labels every time something had to be mailed to creditors. Due to the large number of creditors involved in the many bankruptcies filed with the bankruptcy courts, it became necessary for the court to require that bankrupts file an additional copy of the names and addresses contained in Schedule A-3 in a form in which they could be photocopied onto labels. We find nothing inconsistent in this rule that only requires that an additional copy of the names and addresses of creditors (which are already required under rule 108) be filed in a particular format. Simply because the Rules of Bankruptcy Procedure do not include a requirement for the filing of a label matrix does not make the label matrix rule inconsistent. The silence of the rules alone cannot be determinative. “If that were so, all [local] rules not specifically included in the [Rules of Bankruptcy Procedure] would be invalid, and the grant of rulemaking authority to the local courts would be a nullity.”
 
 In the Matter of C.S. Crawford & Co.,
 
 423 F.2d 1322, 1324 (9th Cir.1970). Where the rules are silent, the test of validity of a local rule is whether it carries forward the purposes of the Bankruptcy Act and keeps faith with the policies embodied therein.
 
 Id.
 
 at 1324-25. This the label matrix rule does, by
 
 *1101
 
 facilitating the process of notifying creditors of the bankruptcy proceeding. Moreover, there is nothing magical about the forms mentioned in rule 108. The Rules of Bankruptcy Procedure specifically give considerable latitude to courts to allow variations from the official forms where necessary or appropriate under the circumstances.
 
 See
 
 Rule of Bankruptcy Procedure 909;
 
 [11]
 

 see also
 
 2A
 
 Collier on Bankruptcy
 
 ¶ 30.02 (14th ed. 1974). What the bankruptcy court can allow, it can require by local rule.
 
 See Colgrove v. Battin,
 
 413 U.S. 149, 164, 93 S.Ct. 2448, 2457, 37 L.Ed.2d 522 (fact that Fed.R.Civ.P. 48
 
 allowed
 
 parties to stipulate to juries of less than twelve in civil cases did not prevent court from
 
 requiring
 
 by local rule that civil juries be a certain size below twelve). Accordingly, we do not find the label matrix rule to be inconsistent with rule 108.
 

 Nor do we find the label matrix rule to be inconsistent with rule 506. That rule provides:
 

 The referee may delegate any ministerial function to an assistant employed in his office or, with the approval of the chief judge of the district court, to any person employed in the office of the clerk of the district court.
 

 Adams argues that it is a ministerial function of the clerk of the district court to notify creditors of all events transpiring within the bankruptcy proceeding and that the label matrix rule, as an attempt to delegate that ministerial function, must fail. Adams makes the incredible assertion that it is “the responsibility of the Bankruptcy Clerk to determine that the means which are being used to notify Creditors contains the correct address.”
 
 [12]
 
 We find this argument to be nothing short of specious. The debtor has always had the burden of correctly listing creditors’ names and addresses so that notices could be mailed by the court. The label matrix rule imposes no greater burden.
 

 Adams next argues that the label matrix rule enlarges the sanctions imposed upon the debtor by section 17(a)(3) and thus results in a substantive change in the Bankruptcy Act. The Bankruptcy Rules Enabling Act, 28 U.S.C. § 2075, provides that the Supreme Court may prescribe “by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure” in bankruptcy courts. Such rules, however, “shall not abridge, enlarge, or modify any substantive right.” This same limitation applies to local bankruptcy rules adopted by district courts.
 
 [13]
 
 The test of whether a rule exceeds the congressional mandate embodied in the enabling act is “whether a rule really regulates procedure, — the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them.”
 
 Sibbach v. Wilson & Co.,
 
 312 U.S. 1, 14, 61 S.Ct. 422, 426, 85 L.Ed. 479 (1941).
 
 [14]
 
 As clarified in the leading case of
 
 Hanna v. Plumer,
 
 380 U.S.
 
 *1102
 
 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), the congressional power to make rules governing the practice and procedure in federal courts includes “a power to regulate matters which, though falling within the uncertain area between substance and procedure, are rationally capable of classification as either.”
 
 Id.
 
 at 472, 85 S.Ct. at 1144.
 

 Adams argues that the label matrix rule, as interpreted by the bankruptcy court and the district court, has effectuated a forfeiture of discharge because of non-compliance with a local rule, thus abridging, enlarging, or modifying a substantive right in contravention of the enabling act. We cannot agree. First, this argument fails to recognize that the nondischargeability is effectuated, not by the local rule, but by the Bankruptcy Act, which requires that debts be “duly scheduled;” the local rule merely requires that a copy of a portion of the schedule be presented in a particular format. Moreover, merely because a local rule can affect the outcome of a case does not make it substantive. Courts in examining the substantive/procedural distinction have eschewed an “outcome-determinative” test, for any rule, no matter how clearly “procedural” can affect the outcome of a case.
 
 See Hanna v. Plumer, supra,
 
 at 475, 85 S.Ct. at 1146. (Harlan, J., concurring). Rather, the test is whether the rule will operate to abridge, enlarge, or modify the rules of decision by which the court will adjudicate the parties’ rights.
 
 Mississippi Publishing Corp. v. Murphree,
 
 326 U.S. 438, 445-46, 66 S.Ct. 242, 246, 90 L.Ed. 185 (1946). Applying this test, we are convinced that the label matrix rule is clearly procedural. The rules of decision employed by the bankruptcy court remain unchanged. If the bankrupt properly lists his creditors so that the notice required by the Bankruptcy Act can be properly and accurately delivered, his debts will be discharged. If he does not, the improperly listed debts will not be discharged. This rule merely requires an extra copy of a portion of the schedules to be filed in a particular format, so that the court may take advantage of technological advances to assist the court in running more efficiently. Promoting the efficiency of the court is the central purpose of local rules,
 
 Lance, Inc. v. Dewco Services, Inc., supra,
 
 and that is what this rule is designed to do. Accordingly, we do not find that the label matrix rule abridges, enlarges, or modifies any substantive right.
 

 Adams next argues that, assuming that the label matrix rule is a valid local rule— which, by the above, we have so held — the district court’s interpretation that the label matrix is a part of the bankruptcy schedules is erroneous. Adams asserts that a clear reading of the rule shows that the district court, in adopting the rule, did not contemplate the effect that the bankruptcy court and district court have given it; nowhere in the order does it state that the label matrix is to be considered a part of the schedules or that an error in the matrix will result in nondischargeability of the debt.
 

 Courts have broad discretion in interpreting and applying their own local rules adopted to promote efficiency in the court.
 
 Martinez v. Thrifty Drug and Discount Co., supra,
 
 at 994. “When the tribunal which has promulgated a rule has interpreted and applied the rule which it has written, it is hardly for an outside person to say that the author of the rule has misinterpreted it.”
 
 Lance, Inc. v. Dewco Services, Inc., supra,
 
 at 783. Accordingly, considerable deference is accorded to the district court’s interpretation and application of its own rule.
 
 Smith v. Ford Motor Co., supra,
 
 at 796. We may reverse only where we are convinced that the district court has misconstrued its own rules.
 
 Id.;
 
 C. Wright & A. Miller,
 
 Federal Practice and Procedure: Civil
 
 § 3153 (1973).
 
 See also Colgrove v. Battin,
 
 413 U.S. 149, 161 n. 18, 93 S.Ct. 2448, 2455 n. 18, 37 L.Ed.2d 522 (1973).
 

 In light of the deference accorded the district court’s interpretation of its own rules, we determine that the district court has not misconstrued the label matrix rule. Our determination rests, in large part, on
 
 *1103
 
 the fact that the label matrix has assumed the role of the schedules for notice purposes and that this fact is sufficiently clear that parties filing these label matrices should recognize this without having it spelled out in the rule. It is clear that one of the primary purposes of the list of creditors in the schedules is to provide to the court information as to persons entitled to notice.
 
 Banque de Financement v. First National Bank of Boston,
 
 586 F.2d 911, 918 (2d Cir.1977). When the district court required an additional copy of the list of creditors in a format capable of photocopying onto labels, it should have been evident without explanation that this copy was to be used to address notices to these creditors. Knowing that the label matrix would be used for notice purposes, debtors should also realize that mistakes in the label matrix will result in creditors failing to receive notice. Were we to hold that the district court’s interpretation of this rule is erroneous, mistakes in listings given by the debt- or to the clerk’s office that result in creditors failing to receive notice would result in the discharge of debts of creditors who had no notice or knowledge of the bankruptcy proceedings solely through the fault of the debtor, a result previously unknown in bankruptcy proceedings. Such a result would be neither reasonable nor equitable. Thus, we hold that by assuming one of the main functions of the bankruptcy schedules, the label matrix did, indeed, become part of those schedules and we do not think that the district court erred in so finding.
 

 Adams’ final argument is that the local rule has deprived him of due process by placing notice responsibility upon the debtor. As we noted above, the local rule does not place any notice requirement upon the debtor. The debtor’s responsibility remains the same — to correctly list creditors’ names and addresses correctly so that notices may be sent by the court. Adams has not been denied due process.
 

 The judgment of the district court is AFFIRMED.
 

 [1]
 

 . The original bankruptcy in this case arose under the Bankruptcy Act of July 1, 1898, ch. 541, 30 Stat. 544 (formerly codified at 11 U.S.C. §§ 101 et seq. (1976)),
 
 repealed by
 
 Bankruptcy Reform Act of Nov. 6, 1978, ch. 1, 92 Stat. 2549. The 1978 Act provides that cases commenced under the former Bankruptcy Act and matters relating thereto are to be determined by the former Act. Pub.L. No. 95-598, tit. IV, § 403(a), 93 Stat. 2549, 2683 (1978). Accordingly, the provisions, rules, and principles discussed in this opinion refer to those under the former Act. For simplicity, all subsequent citations to the former Act will be made to the appropriate section contained in the 1976 version of the United States Code.
 

 [2]
 

 . Rule 927 provides:
 

 Each district court by action of a majority of the judges thereof may from time to time make and amend rules governing practice and procedure under this title not inconsistent with these rules. Copies of rules and amendments so made shall upon their promulgation be furnished to the Administrative Office of the United States Courts. The clerk of each court shall make appropriate arrangements, subject to the approval of the Director of the Administrative Office of the United States Courts, for making copies of such rules available to members of the public who may request them. In all cases not provided for by rule, the district court may regulate its practice in any manner not inconsistent with these rules.
 

 [3]
 

 . Section 7(a)(8) provides in pertinent part:
 

 (a) The bankrupt shall
 

 ******
 

 (8) prepare, make oath to, and file in court within five days after adjudication, if an involuntary bankrupt, and with his petition, if a voluntary bankrupt, a schedule of his property, showing the amount and kind of property, the location thereof and its money value, in detail; and a list of all his creditors, including all persons asserting contingent, unliquidated, or disputed claims, showing their residences or places of business, if known, or if unknown that fact to be stated, the amount due to or claimed by each of them, the consideration thereof, the security held by them, if any, and what claims, if any, are contingent, unliq-uidated or disputed; and a claim for such exemptions as he may be entitled to ....
 

 11 U.S.C. § 25(a)(8) (1976).
 

 [4]
 

 .Rule 108 provides in pertinent part:
 

 (a)
 
 Schedules and Statement Required.
 
 The bankrupt shall file with the court schedules of all his debts and all his property and a statement of his affairs, prepared by him in the manner prescribed by Official Forms No. 6 and either No. 7 or No. 8, whichever is appropriate. The number of copies of the schedules and statement shall correspond to the number of copies of the petition required by these rules.
 

 [5]
 

 . The notice sent to Bonner was returned to the clerk’s office as undeliverable. An employee of the clerk’s office testified that it was their standard procedure to forward all returned notices to the attorney for the bankrupt. However, Adams’ attorney testified that he did not recall receiving Bonner's returned notice.
 

 [6]
 

 . Section 17(a)(3) provides in pertinent part:
 

 (a)
 
 Debts not affected by discharge
 

 A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as
 

 ******
 

 (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy.
 

 11 U.S.C. § 35(a)(3) (1976).
 

 [7]
 

 .
 
 See
 
 Rule of Bankruptcy Procedure 927,
 
 supra
 
 note 2.
 

 [8]
 

 . 28 U.S.C. § 2071, which provides:
 

 § 2071. Rule-making power generally
 

 The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business. Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed by the Supreme Court.
 

 [9]
 

 . 28 U.S.C. § 2075 provides in pertinent part:
 

 § 2075. Bankruptcy rules
 

 The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under Title 11.
 

 Such rules shall not abridge, enlarge, or modify any substantive right.
 

 28 U.S.C. § 2075 (1976).
 

 [10]
 

 . This provision acts as a limitation upon the local rulemaking power of the district courts because that rulemaking power derives, at least in part, from the Rules of Bankruptcy Procedure adopted by the Supreme Court (specifical
 
 ly,
 
 rule 927) pursuant to the enabling act. Thus, the grant of this rulemaking power by the Supreme Court to the local courts cannot be broader than the power granted the Supreme Court by Congress. To the extent that the district court's rulemaking power derives from 28 U.S.C. § 2071, this provision is still a limitation upon that power. Section 2071 provides that the rules adopted by the district courts shall be "consistent with ... rules of practice and procedure prescribed by the Supreme Court.” Thus, the enabling act limits the district court's rule-making authority both directly through rule 927 and indirectly through section 2071.
 

 [11]
 

 . Rule 909 provides:
 

 The official forms annexed to these rules shall be observed and used, with such alterations as may be appropriate to suit the circumstances. Forms may be combined and their contents rearranged to permit economies in their use. The Director of the Administrative Office of the United States Courts may promulgate illustrative forms for use under this title.
 

 [12]
 

 . We recognize, as pointed out by Adams, that, had the labels been transcribed by the clerk's office and mailed in error so that a creditor did not receive notice, the dischargeability of the debt would not be affected.
 
 See Matter of Heyward,
 
 15 B.R. 629 (Bankr.E.D.N.Y.1981). However, this does not relieve the debtor of the responsibility of supplying the clerk with the correct information. Only when the debtor has supplied the clerk with a correct notice list and the creditor fails to receive notice through no fault of the debtor will that debt be discharged. We also note that the label matrix rule was enacted, at least in part, to cut down on these types of transcribing errors.
 

 [13]
 

 .
 
 See supra
 
 note 10.
 

 [14]
 

 . This case, as well as subsequent cases cited on this subject, deal, not with section 2075; but with the enabling act for the Federal Rules of Civil Procedure, 28 U.S.C. § 2072 (1982). However, these two provisions are identical except for the obvious difference in subject courts, and the principles applied to one apply equally to the other.