272 B.R. 917 (2001)
IN RE STANDING ORDER WITH REASONS REGARDING OBJECTIONS TO THE DISCHARGE UNDER 11 U.S.C. § 727 AND PURPORTED SETTLEMENT OF ACTIONS.
Ford Motor Credit Company
v.
Randall Shane Johnson.
Ford Motor Credit Company
v.
Randall Shane Johnson.
Civ.A. Nos. 01-1213, 01-1295.
United States District Court, W.D. Louisiana, Alexandria Division.
December 20, 2001.
*918 Stephen D. Wheelis, Richard A. Rozanski, Wheelis & Rozanski, Alexandria, LA, for Ford Motor Credit Co.
Harold W. Aswell, Cusimano & Aswell, Farmerville, LA, for Randall Shane Johnson.

DECISION ON APPEAL
LITTLE, Chief Judge.
Before this court is an appeal from the United States Bankruptcy Court ("Bankruptcy Court") filed by Ford Motor Credit Company ("Ford" or "Appellant"). Ford challenges the entire Standing Order With Reasons (the "Standing Order") issued by the Bankruptcy Court on 13 June 2001. For the reasons that follow, we vacate the Bankruptcy Court's Standing Order.

*919 I. BACKGROUND
On 13 June 2001, the Bankruptcy Court issued the Standing Order that is the subject of this appeal. Before we move to a discussion concerning the merits of appellant's arguments regarding the validity of the Standing Order, a brief summary of the underlying adversary proceeding between creditor, Ford, and Randall Shane Johnson ("Johnson" or the "Debtor") is warranted.
A. Underlying Dispute Between Creditor and Debtor
Ford is a secured creditor of Debtor and holds a secured interest in the amount of $9,292.91 in a 1992 Ford F250 motor vehicle. The Debtor filed for bankruptcy under Chapter 13 of Title 11 U.S.C. (the "Bankruptcy Code"). Under Chapter 13 of the Bankruptcy Code, any insolvent debtor who is a wage earner; that is, earns wages, salary, or commission, may formulate and file a plan with the court that provides the debtor with additional time to pay creditors. The debtor's plan must provide that future earnings will be subject to the supervision and control of the United States Trustee until these debts are satisfied, and the court must confirm the debtor's plan. Should the wage earner ultimately be unable to pay the debts, Chapter 7 liquidation remains available to the debtor.
Ford filed an objection to the court confirming the Debtor's plan in the Debtor's Chapter 13 case on the basis that Ford had been unable to verify insurance coverage on the vehicle and that no plan should be confirmed by the court unless and until the Debtor provided proof of insurance coverage. Ford noticed Debtor of the objection on 14 June 2000. Subsequently, Ford learned that Debtor had violated its contract with Ford by permitting insurance coverage on the vehicle to lapse. Johnson, however, continued to operate the motor vehicle without insurance coverage. While operating without insurance on the vehicle, Johnson became involved in an automobile accident, which resulted in the complete destruction of the vehicle. After the accident, Debtor converted his bankruptcy case to a Chapter 7 proceeding, which is ongoing.
Before either Ford or the Debtor submitted any motions, settlement proposals, or completed discovery, the Bankruptcy Court issued the instant Standing Order.
B. The Standing Order With Reasons
At its foundation, the Standing Order addresses the topic of bankruptcy discharges. Generally, a bankruptcy discharge releases a debtor from all debts. There are exceptions to the general rule. See 11 U.S.C. §§ 727, 523, 524. The Standing Order issued by the Bankruptcy Court addresses the tension that arises when a creditor files a complaint that objects to a discharge pursuant to 11 U.S.C. § 727 (§ 727) coupled with a complaint concerning the dischargeability of a debt under 11 U.S.C. § 523 (§ 523). The Bankruptcy Court noticed that combining both §§ 727 and 523 complaints frequently results in the dismissal of the § 727 complaint premised upon a settlement of the § 523 complaint, which could have the potential for abuse when the settlement does not distribute assets or money to other secured creditors not a party to the settlement. As a result, the Bankruptcy Court issued the Standing Order, which had the effect of modifying the established, substantive and procedural rights of Ford to combine both §§ 727 and 523 complaints. Specifically, the Standing Order established the following rules for all pending and future adversary proceeding:
In any complaint that contains an allegation under 11 U.S.C. § 727, a settlement *920 which proposes a monetary distribution solely to the plaintiff in the action shall not be approved. Any such settlement must be reformed to have the funds shared with the other creditors in the case, by turning over the funds to the Chapter 7 Trustee for distribution according to the distribution rules and priorities of 11 U.S.C. § 726;
The above policy would apply regardless of whether the plaintiff has sought relief under 11 U.S.C. §§ 727 and 523 alternatively;
Any settlement of complaints containing allegations of entitlement to relief under § 727, in any fashion, must comply with the foregoing policy regarding the distribution of any monetary proceeds;
Any 11 U.S.C. §§ 727 or 523 action brought separately or in conjunction can only be dismissed after notice in accordance with Fed. R. Bankr.P. 7041, accompanied by affidavits of the plaintiff and/or defendant that no consideration, financial or otherwise, changed hands or is contemplated in connection with the dismissal of the action in its entirety with prejudice; and
The court will no longer accept a settlement on the stipulation of the parties that any debt due the plaintiff is non-dischargeable under 11 U.S.C. § 523, even where no specific monetary benefit is to be received.
Ford contends that because the Standing Order modified both procedural and substantive rules, the Bankruptcy Court lacked the authority to promulgate the preceding rules and procedures. This court agrees.

II. STANDARD OF REVIEW
This court has jurisdiction pursuant to 28 U.S.C. § 158 to hear appeals from the final judgments, orders, and decrees of bankruptcy judges. Conclusions of law are reviewed de novo. See Affiliated Computer Sys., Inc. v. Sherman (In re Kemp), 52 F.3d 546, 550 (5th Cir.1995). The bankruptcy court's findings of fact are subject to reversal only if they are clearly erroneous, that is, if considering all the evidence we are left with the definite and firm conviction that a mistake has been made. See id.

III. ANALYSIS AND DISCUSSION
Before addressing the issue of whether the bankruptcy court had the authority to promulgate the Standing Order, a review of the Bankruptcy Court's description of the potential friction between §§ 727 and 523 will help elucidate our rationale and conclusion.
A. Potential Friction Between 11 U.S.C. §§ 727 and 523
Frequently, a creditor in a consumer bankruptcy case files an adversary proceeding against a debtor that includes two kinds of claims: (1) a claim for the complete denial of a discharge under § 727; and (2) a claim for a determination under § 523 that a debt specifically owing to the plaintiff is excepted from the bankruptcy charge. Occasionally, as the Bankruptcy Court details, a creditor such as Ford will file two separate, yet simultaneous, adversary proceedings: one under § 727 and one under § 523. We turn first to the foundation of a § 523 claim.
11 U.S.C. § 523(a) exempts from bankruptcy discharge certain kinds of debts owed to specific creditors. See 11 U.S.C. § 523(a). A creditor who files a complaint for the nondischargeability of a claim under § 523 is free to settle the dispute with the debtor on any mutually agreeable terms, subject to court approval. In considering whether to approve such a settlement, the court usually gives no *921 weight to the interests of other creditors. An example of a matter to which § 523 is applicable would be the intentional destruction by the debtor of the creditor's security. If proven, the debt would not be dischargeable.
Conversely, § 727 denies discharge of all of the debtor's debts. Thus, the rights of all creditors of the debtor at issue are protected under § 727. See In re Chalasani, 92 F.3d 1300, 1309 (2d Cir.1996). The underlying purpose of § 727 is to protect the integrity of the bankruptcy system by denying a bankruptcy discharge to a debtor who engages in certain, specified, objectionable conduct that is of a magnitude broader than injury to a single creditor. See In re Taylor, 190 B.R. 413, 416 (Bankr.D.Colo.1995). The denial of a discharge under § 727, therefore, benefits all the creditors of the bankruptcy estate equally.
In the Standing Order, the Bankruptcy Court descriptively profiled the friction between a § 727 and § 523 claim by citing to various cases that other bankruptcy courts have encountered and resolved. Specifically, the Bankruptcy Court here, as elsewhere, is distressed that a plaintiff who the files a § 727 and § 523 claim may attempt to feather its own nest by settling the § 523 claim and abandoning the § 727 claim, thereby selling its discharge and shedding its duties, if any, to other creditors under § 727. See In re Vickers, 176 B.R. 287, 289 (Bankr.M.D.Ga.1994); see also, In re Nicolosi, 86 B.R. 882, 886-87 (Bankr.W.D.La.1988) (stating that a discharge in bankruptcy depends on the debtor's conduct; it is not an object of a bargain); In re Moore, 50 B.R. 661, 663-64 (Bankr.E.D.Tenn.1985) (holding that a discharge in bankruptcy is not an appropriate element of a quid pro quo [and that] tying withdrawal of objections to discharge to the settlement of other actions is contrary to public policy). The cases cited by the Bankruptcy Court illustrate how other courts have reconciled the friction between a § 727 and § 523 claim on a case-by-case basis.
Unlike the case by case analysis employed by other bankruptcy courts, the Standing Order that we consider today is permanent in nature. That is, the Standing Order enjoins parties from settling a § 523 action when it is combined with a § 727 complaint. Neither the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") nor the Bankruptcy Code, however, prohibit the settlement of a § 523 complaint when it is combined in the complaint with a § 727 action. In effect, then, the Standing Order modified existing substantive rights of creditors. District courts are empowered to approve local rules adopted by bankruptcy courts. See In the Matter of Adams, 734 F.2d 1094, 1098 (5th Cir.1984). Local rules, however, "must be procedural, and cannot abridge, enlarge, or modify any substantive right." Id. at 1099. Therefore, while this court agrees that the Bankruptcy Court is correct in subscribing to fair and equitable distributions of property, the Bankruptcy Court fails to identify the appropriate repository of authority and power it used when the Standing Order modified substantive rights. Therefore, we must pinpoint the source of the Bankruptcy Court's power to issue the Standing Order.
B. The Power of the Bankruptcy Court to Issue the Standing Order
A bankruptcy court's authority to promulgate rules of practice and procedure is a derivative power that stems from 28 U.S.C. § 2075, by which Congress delegated to the Supreme Court "the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and *922 the practice and procedure in cases under Title 11." 28 U.S.C. § 2075 (West 1982). Under this authority, the Supreme Court has issued Bankruptcy Rules, including Rule 9029, which empowers district courts to "make and amend rules governing practice and procedure within the district court's bankruptcy jurisdiction." Fed. R. Bankr.P. 9029. Before turning to Rule 9029, however, we must first determine the rule employed by the Bankruptcy Court.
1. Rule 7041 of the Bankruptcy Rules as a Source to Issue the Standing Order
In the Standing Order, the Bankruptcy Court erroneously cites to Rule 7041 of the Bankruptcy Rules as a possible repository of authority to issue the Standing Order. Rule 7041 of the Bankruptcy Rules, which deals with dismissal of adversary proceedings, states in pertinent part:
Rule 41 of the Federal Rules of Civil Procedure applies in adversary proceedings, except that a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee and only on order of the court containing terms and conditions which the court deems proper.
See Fed. R. Bankr.P. 7041. Rule 7041 of the Bankruptcy Rules, then, provides that bankruptcy courts can insist that an objection under § 727 be dismissed with "terms and conditions" that it "deems proper." Id. As a result, courts may shape case appropriate remedies. See In re Chalasani, 92 F.3d at 1312; see also In re Mavrode, 205 B.R. 716, 720-21 (Bankr.D.N.J.1997) (stating that the court should fashion case appropriate remedies [that] condition the dismissal on such terms that will "prevent tainted compromise") (citing In re Chalasani, 92 F.3d at 1313). In In re Short, 60 B.R. 951 (Bankr.M.D.La.1986), the court stated that one condition to prevent tainted compromises may be to require that a complaint not be dismissed before other parties have an opportunity to pursue the original complaint. See id. 60 B.R. at 953. In sum, Rule 7041 of the Bankruptcy Rules confers on bankruptcy courts adequate authority and flexibility, on a case-by-case basis, to place terms and conditions on dismissal proceedings adequate to prevent tainted compromises or settlements. See, e.g., In re Taylor, 190 B.R. 413, 418 (Bankr.D.Colo.1995) (requiring an investigation by Chapter 7 trustee before allowing dismissal of a § 727 claim). Placing a term or condition in a settlement or compromise, in a case-appropriate fashion, is authorized by Rule 7041; however, issuing a Standing Order that permanently modifies the substantive rights of parties is not so authorized, because such a Standing Order far exceeds the "case-appropriateness" of the issue at hand. Accordingly, Rule 7041 is not the appropriate repository of authority for entering the instant Standing Order.
Similar to the case-appropriate standard set forth in Rule 7041, Rule 9019 of the Bankruptcy Rules vests bankruptcy courts with broad authority to approve or disapprove all compromises and settlements affecting the bankruptcy estate on a case-by-case basis. See Drexel Burnham Lambert, Inc. v. Flight Transp. Corp. (In re Flight Transp. Corp. Sec. Litig.), 730 F.2d 1128, 1135 (8th Cir.1984), cert. denied sub nom. Reavis & McGrath v. Antinore, 469 U.S. 1207, 105 S.Ct. 1169, 84 L.Ed.2d 320 (1985). Pursuant to Bankruptcy Rules 7014 and 9019, therefore, the Bankruptcy Court is authorized to issue case-appropriate remedies to resolve the friction between §§ 727 and 523, but not to issue a Standing Order that permanently modifies existing, substantive rights.
2. 11 U.S.C. § 105 as a Source to Issue the Standing Order
Having eliminated Rule 7041 of the Bankruptcy Rules as the correct storehouse *923 of authority to issue the instant Standing Order, another possible source is 11 U.S.C. § 105. Though the Bankruptcy Court does not cite this section in the Standing Order, we raise the issue sua sponte. Section 105(a) authorizes bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). While the scope of Section 105(a) appears to be quite broad, we decline the temptation to sanction the standing order under this provision.
The Fifth Circuit has made clear that Section 105(a) "does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity." In re Oxford Management, Inc., 4 F.3d 1329, 1333 (5th Cir.1993) (quoting United States v. Sutton, 786 F.2d 1305, 1308 (5th Cir.1986)). Moreover, a bankruptcy court cannot use its equity powers under Section 105(a) to negate substantive rights or remedies. See In the Matter of Smith, 21 F.3d 660, 666 (5th Cir.1994); see also, In re Continental Airlines, Corp., 907 F.2d 1500, 1509 (5th Cir.1990) (holding that Section 105(a) does not permit substantive modifications of labor agreements). For example, Section 105(a) does not permit a bankruptcy court to use its equitable powers to extend an explicit thirty-day deadline for filing objections. See In the Matter of Sadkin, 36 F.3d 473, 478 (5th Cir.1994), nor does it "allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code." 2 Collier on Bankruptcy, ¶ 105.01[3] (Lawrence P. King et al. eds., 15th ed.1994). Similarly, a bankruptcy court's equitable powers under Section 105(a) did not authorize it to issue a permanent injunction. See In the Matter of Schwamb, 169 B.R. 601, 605 (E.D.La.1994).
In the instant case, the Standing Order has the effect of permanently enjoining Ford from exercising its substantive rights under §§ 727 and 523. The Standing Order precludes not only Ford, but also all parties, from filing a complaint objecting to a discharge under 11 U.S.C. § 727, in conjunction with a complaint to determine the dischargeability of a debt under 11 U.S.C. § 523, and then dismissing the § 727 complaint premised upon a settlement of the § 523 complaint. In In re Chicago, Milwaukee, St. Paul & Pac. R.R., 791 F.2d 524 (7th Cir.1986), the court established the boundaries of a bankruptcy court's power to ensure equity: "The fact that a [bankruptcy] proceeding is equitable does not give the judge a free-floating discretion to redistribute rights in accordance with his [or her] personal views of justice and fairness, however enlightened those views may be." Id. at 528. For this reason, this court finds that if the Bankruptcy Court used its equity powers under Section 105(a) to issue the Standing Order, the Bankruptcy Court erred.
3. Rule 9029 of the Bankruptcy Rules as a Source of Issuing the Standing Order
By eliminating both Rule 7041 of the Bankruptcy Rules and 11 U.S.C. § 105(a) as the appropriate depository of authority to issue the Standing Order, we return to the correct storehouse: Rule 9029 of the Bankruptcy Rules. Rule 9029 states, in pertinent part:
Each district court acting by a majority of its district judges may make and amend [local bankruptcy] rules governing practice and procedure in all cases and proceedings within the district court's bankruptcy jurisdiction . . . A district court may authorize the bankruptcy judges of the district, subject to any limitation or condition it may prescribe . . . *924 to make and amend rules of practice and procedure.
See Fed. R. Bankr.P. 9029(a). As Rule 9029 indicates, the rule making powers delegated to the bankruptcy courts are not unlimited. See In the Matter of Adams, 734 F.2d at 1094. Under Rule 9029, the district court, not the bankruptcy court, has the authority, either on its own or by specifically delegating to a bankruptcy court judge, to make and amend rules of practice and procedure. At least one district court has authorized the bankruptcy judges to exercise the rule making power delegated to the district court pursuant to rule 9029.[1] Conversely, the district court here has made no such delegation of authority. In this case, the Bankruptcy Court acted independently when it altered the substantive rights of the parties, without a whisper of authority from the district court.

IV. CONCLUSION
For the reasons given above, we vacate the United States Bankruptcy Court's 13 June 2001 Standing Order in its entirety and determine that the bankruptcy court should decide the issues raised in the standing order on a case-appropriate basis.
NOTES
[1] See In re Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia (E.D. Va. April 20, 1987).