IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-20531
Summary Calendar

DEBRA LEVITT-STEIN

Plaintiff-Appellee

V.

CITIGROUP INC

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-3554

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant Citigroup, Inc. ("Citigroup") appeals the district court's denial of its motion to set aside default judgment under Federal Rule of Civil Procedure 60(b) and its subsequent motion for reconsideration.

Federal Rule of Civil Procedure 60(b)(1) permits relief from a default judgment for "mistake, inadvertence, surprise, or excusable neglect." When ruling on a motion to set aside default judgment, the district court should

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consider: "(1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of [the] defendant's conduct." Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 938-39 (5th Cir. 1999) (internal quotation marks and citation omitted) (brackets in original).

We review a district court's denial of a Rule 60(b) motion to set aside default judgment for abuse of discretion. Id. at 935. We note that our policy "against the use of default judgments" is "counterbalanced by considerations of social goals, justice and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." Id. (internal quotation marks omitted) (brackets in original). We also review a motion for reconsideration for abuse of discretion. Templet v. HydroChem Inc., 367 F.3d 473, 480 (5th Cir. 2004).

The undisputed evidence shows that Appellee Debra Levitt-Stein worked for Citicorp Diners Club ("Diners Club"), the credit card division of Citigroup. On September 14, 2006, Citigroup notified Levitt-Stein that it had terminated her company-provided health insurance coverage for alleged non-payment of premiums. On September 29, Levitt-Stein sent a letter addressed to Citigroup disputing the termination of health coverage and notifying them that she would commence legal action against Citigroup if her coverage was not reinstated. On October 10, Levitt-Stein sent a similar letter addressed to the Plans Administration Committee of Citigroup, Inc. ("the Plan"). On November 1, Levitt-Stein faxed a letter to the Plan threatening suit against both Citigroup and the Plan if her health coverage was not reinstated. A copy of the letter was faxed to Allegra DiGia, Vice President and Senior Counsel of Citigroup.

On November 9, Levitt-Stein filed her original complaint against the Plan and Citigroup.[1]  It is undisputed that Citigroup was served with a summons and copy of the original complaint on November 14 through its registered agent, CT Corporation Systems.  The complaint was forwarded to Citigroup's mail room in New York.  In addition to properly filing the complaint, Levitt-Stein telephoned Allegria DiGia on November 9 and sent a copy of the complaint to David Goldberg, Citigroup Associate General Counsel, who then forwarded it to two other Citigroup attorneys.

Citigroup failed to file an answer to Levitt-Stein's complaint, allegedly because it did not reach the appropriate paralegal.  Citigroup argues that David Goldberg accepted service of the complaint exclusively on behalf of the Plan and, therefore, his knowledge cannot be imputed to Citigroup.  Accordingly, Citigroup contends that no lawyer representing Citigroup received a service copy of the complaint.  Additionally, Citigroup argues that: (1) Citigroup's default was the result of mistake, inadvertence, or–at worst–excusable neglect; (2) Levitt-Stein would suffer no prejudice from setting aside the default judgment; and (3) Citigroup demonstrated meritorious defenses, including that Diners Club was Levitt-Stein's actual employer.

We find Citigroup's arguments unpersuasive and hold that the district court did not abuse its discretion in denying Citigroup's motions.  Under the Rogers framework, it was reasonable for the district court to find that Citigroup's default was not the result of "mistake, inadvertence, or excusable neglect" given that: Citigroup was properly served with the complaint; its Senior Counsel was put on notice of the threatened suit; and three Citigroup lawyers received copies of the complaint–which lists both the Plan and

[1] After receiving the complaint, the Plan negotiated a settlement with Levitt-Stein, and the Plan is not a party to this suit.

Citigroup as defendants. Citigroup's excuse that "a mail clerk must have misplaced the complaint . . . is not a sufficient excuse." Rogers, 167 F.3d at 939 (quoting Gibbs v. Air Canada, 810 F.2d 1529, 1537 (11th Cir. 1987)). Once CT Corporation Systems received and forwarded the complaint and Citigroup lawyers were put on notice, Citigroup "had a responsibility to ensure that 'process . . . in fact reached its destination and that action [was] being taken.'" Id. (alterations in original). Because Citigroup's "neglect was at least a partial cause of its failure to respond, [it] had the burden to convince the court that its neglect was excusable." Id. Citigroup failed to meet this burden.[2]

In the alternative, Citigroup argues that it was not notified of Levitt-Stein's motion for default judgment or entry of default judgment, in violation of Local Rule 5.5 of the United States District Court for the Southern District of Texas. Local Rule 5.5 provides that: "All motions must be served on all parties. Motions for default judgment must be served on the defendant-respondent by certified mail (return receipt requested)." Levitt-Stein responds that Local Rule 5.5 was not intended to modify Federal Rules of Civil Procedure 55(b) and 5(a), which require written notice of a default judgment only where the party has appeared in the action.[3] Specifically,

---

[2] As in Rogers, we need not address the issues of prejudice and meritorious defenses where we find that the default judgment was proper because any delay was not the result of "mistake, inadvertence, surprise, or excusable neglect." See Rogers, 167 F.3d at 938-39 (noting appellant's arguments regarding prejudice and meritorious defenses and then finding that the district court did not abuse its discretion without addressing these arguments).

[3] Rule 55(b) provides that: "If the party against whom judgment by default is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application [for a default judgment] at least 3 days before the hearing."

It is possible to interpret Local Rule 5.5 in a manner consistent with the Federal Rules of Civil Procedure. The local rule could mean that, where notice of a motion for default judgment must be provided (i.e. where the defendant-respondent has appeared), that notice must be sent via certified mail with return receipt requested.

Federal Rule of Civil Procedure 5(a)(2) provides that: "No service is required on a party who is in default for failing to appear."

Furthermore, Levitt-Stein argues that, to the extent Local Rule 5.5 is inconsistent with the federal rules, it is invalid under Federal Rule of Civil Procedure 83(a).[4]  The rule's text–requiring that "a local rule shall be consistent with" federal rules of procedure–and our case law support Levitt-Stein's argument.  See In re Adams, 734 F.2d 1094, 1099 (5th Cir. 1984) ("Therefore, a local rule cannot be inconsistent with the Rules of Bankruptcy Procedure . . . [and] cannot be inconsistent with 'Acts of Congress.'").  Accordingly, Citigroup's argument that the district court's judgment must be reversed because it violated Local Rule 5.5 is without merit.

Therefore, we find that the district court did not abuse its discretion in denying Citigroup's motions.  The judgment of the court below is

AFFIRMED.

---

[4] Rule 83(a) provides that: "[A] district court, acting by a majority of its district judges, may adopt and amend rules governing its practice.  A local rule must be consistent with–but not duplicate–federal statutes and rules adopted under 28 U.S.C. §§ 2072 and 2075."