# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 3, 2021

Lyle W. Cayce
Clerk

No. 20-40297

Taylor Charles; David A. Reed; Robert Hearne,

*Plaintiffs—Appellants*,

*versus*

K-Patents, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:17-CV-339

Before Barksdale, Southwick, and Graves, *Circuit Judges*.

Per Curiam:*

For contesting the summary judgment in this diversity action, plaintiffs Taylor Charles, David A. Reed, and Robert Hearne assert the district court abused its discretion by: excusing K-Patents' non-compliance

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

with a local rule; and striking testimony by plaintiffs' designated expert, a consulting engineer. AFFIRMED.

## I.

K-Patents manufactures and sells refractometers, devices installed on pipelines to measure the chemical properties of a fluid flowing through the pipes by recording the refraction of light off of particles suspended in the fluid. In that regard, K-Patents also manufactures and sells a removal tool, which allows the temporary removal of a refractometer's sensor from a pressurized pipeline without shutting down the pipeline. Plaintiffs, employees of a mill in Texas, were injured while using the tool to remove a sensor plate from a refractometer on a pressurized pipeline.

When aligned properly, the removal tool diverts the pipeline's pressure from the sensor plate to an isolation valve. To ensure proper alignment, the tool includes three safeguards: a set of locking "bayonets" that lock the tool in place and close the isolation valve; a latch that, when secured, prevents the tool from rotating out of place; and a safety pin that is inserted through a set of matching holes on the tool and the sensor plate.

The first step in the removal process is to attach the tool and rotate it 60 degrees clockwise until the bayonets are engaged, which plaintiffs did. The removal process then requires securing the latch to lock the tool in place. Because plaintiffs were initially unable to secure the latch, they "moved the [tool] back and forth a little bit till it popped in". They then began removing the sensor plate, but were sprayed with scalding "black liquor" from the pipeline, causing severe burns.

Plaintiffs pursued claims in this action for: negligence; strict products liability; design defect; and failure to warn. K-Patents moved: to strike plaintiffs' expert designation of the consulting engineer; and for summary judgment. In a comprehensive opinion, the district court, *inter alia*: granted

in part the motion to strike, excluding the engineer's testimony on causation; and granted K-Patents summary judgment.

## II.

Plaintiffs challenge the summary judgment regarding only their design-defect claim, to which Texas law applies. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *see also McBeth v. Carpenter*, 565 F.3d 171, 176 (5th Cir. 2009). As noted *supra*, they assert the court abused its discretion by: excusing K-Patents' non-compliance with a local rule requiring summary-judgment motions to include a statement of the issues and of the undisputed material facts; and striking in part the consulting engineer's testimony on the ground that he had not examined the product, resulting in granting summary judgment improperly.

## A.

A court's application of local rules is reviewed for abuse of discretion. *E.g.*, *Klocke v. Watson*, 936 F.3d 240, 243 (5th Cir. 2019); *see also In re Adams*, 734 F.2d 1094, 1102 (5th Cir. 1984) ("Courts have broad discretion in interpreting and applying their own local rules".).

Federal Rule of Civil Procedure 56 governs summary judgment, providing in part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For part of the procedure to be used in seeking summary judgment under Rule 56(a), the Eastern District of Texas' Local Civil Rule 56(a) provides: "Any motion for summary judgment must include: (1) a statement of the issues to be decided by the court; and (2) a 'Statement of Undisputed Material Facts'." E.D. Tex. Loc. Civ. R. 56(a).

K-Patents' motion included neither of the statements required by the local rule. But failure to comply with the rule, the court explained in granting summary judgment, does not automatically trigger dismissal of the motion. *See Asamarbunkers Consultadoria E Participacoes Unipessoal LDA v. United States*, 510 F. App'x 332, 336 (5th Cir. 2013) (holding an Eastern District of Texas court did not abuse its discretion in granting summary judgment despite motion's failure to include statements of issues and of undisputed material facts); *cf. Campbell v. Wilkinson*, No. 20-11002, 2021 WL 650106, at *1 (5th Cir. 19 Feb. 2021) (holding dismissal unwarranted where plaintiff violated local rule). As the court further explained, the local rule's purpose is to "assist opposing parties in responding to the motion" and "to aid the court's handling of the motion". The court ruled the motion fulfilled the dual purpose of the local rule: the motion was "sufficiently clear [so] that it afforded [plaintiffs] satisfactory notice of the issues such that they were provided adequate opportunity to file a meaningful response".

In challenging the court's excusing the motion's non-compliance, plaintiffs assert: they did not receive satisfactory notice that the design-defect claim was being contested on causation grounds; and they were deprived of a meaningful opportunity to respond. This challenge is unavailing.

The motion stated: "there is no evidence to support that the use or lack of use of [a] lanyard [attached to the tool's safety pin] *caused* the product to be unsafe or defectively designed". (Emphasis added.) Accordingly, plaintiffs were on notice that causation was at issue. Restated, absence of "proximate cause" or "producing cause of the injury" did not deprive them of a meaningful opportunity to respond. In short, the court acted within its "considerable latitude in applying [its] own rules" when it excused the motion's non-compliance. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1488 (5th Cir. 1990).

B.

Summary judgment is, of course, reviewed *de novo*. *E.g.*, *Petro Harvester Operating Co., L.L.C. v. Keith*, 954 F.3d 686, 691 (5th Cir. 2020). A court's exclusion of proffered expert testimony is reviewed for abuse of discretion. *Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 748 (5th Cir. 2018).

To recover on a design-defect claim under Texas law, plaintiff must prove: "the product was defectively designed so as to render it unreasonably dangerous; . . . a safer alternative design existed; and . . . *the defect was a producing cause of the injury* for which the plaintiff seeks recovery". *Genie Indus., Inc. v. Matak*, 462 S.W.3d 1, 6 (Tex. 2015) (citation omitted) (emphasis added). Plaintiffs assert: the removal tool's defective design rendered it unreasonably dangerous; a safer alternative design—attaching the tool's safety pin with a lanyard—existed; and K-Patents' failure to attach the safety pin with a lanyard was a producing cause of the injury.

As discussed *supra*, the removal tool includes a safety pin. After the tool is secured in place with the latch, the safety pin is to be inserted through the washers on the removal tool to ensure it is properly aligned before removing the sensor plate. The safety pin, however, was not used at the time of the incident. The consulting engineer's testimony included, *inter alia*, his opinion that: "It is more likely than not that if a [removal] tool . . . with a permanently attached locking mechanism and safety clasp would have been available to the mill workers the incident would have been prevented", *i.e.*, K-Patents' failure to attach the tool's safety pin with a lanyard was a cause of the injury. The court ruled the engineer's opinion failed to "address the theory that the accident was caused by [one of the plaintiffs'] forcibly closing the latch despite the removal tool's apparent misalignment".

The court did not, as plaintiffs contend, exclude the engineer's testimony on the ground that he never examined the product. The court

excluded only his causation opinion on the ground that it was "mere conjecture", concluding there was "no evidence that, had the safety pin been attached with a lanyard", plaintiffs' injuries would have been prevented. The court did not abuse its discretion in doing so. *See Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 389 (5th Cir. 2009) (holding district court did not abuse its discretion in excluding expert's opinion based on insufficient information); *see also Hathaway v. Bazany*, 507 F.3d 312, 318–19 (5th Cir. 2007) (affirming district court's excluding expert testimony that relied on "unsupported conjectures"); *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999) ("[Expert] testimony . . . must be more than unsupported speculation or subjective belief") (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993)).

Even after it excluded the engineer's causation opinion, the court considered, in its summary-judgment analysis, the engineer's "theory that attaching the safety pin to the removal tool with a lanyard would have prevented this accident". The court granted summary judgment not on the basis that the engineer never examined the product, but because the causation opinion he proffered was "too speculative to create a genuine [dispute] of material fact". *See* Fed. R. Civ. P. 56(a).

### III.

For the foregoing reasons, the judgment is AFFIRMED.